```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
                                    :
In re:                              :
                                    :
RAFAEL VASQUEZ                      :   BK No. 10-11236
         Debtor                     :      Chapter 13
                                    :
- - - - - - - - - - - - - - - - - -x
RAFAEL VASQUEZ                      :
         Plaintiff                  :
                                    :
v.                                  :   A.P. No. 10-1020
                                    :
COUNTRYWIDE HOME LOANS, INC.,       :
MORTGAGE ELECTRONIC REGISTRATION    :
SYSTEMS, INC.,                      :
FEDERAL NATIONAL MORTGAGE ASSOC.,   :
JOHN DOE                            :
         Defendants
- - - - - - - - - - - - - - - - - -x
```

### DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

APPEARANCES:

    John B. Ennis, Esq.
    Attorney for Debtor/Plaintiff
    1200 Reservoir Avenue
    Cranston, Rhode Island 02920

    Harris K. Weiner, Esq.
    Attorney for Defendants
    SALTER McGOWAN SYLVIA & LEONARD
    321 South Main Street, Suite 301
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 10-11236; A.P. No. 10-1020

Heard on Defendants' ("Countrywide") Motion for Judgment on the Pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c) and made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012.

In this action brought under the federal Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), the Debtor seeks to (a) rescind this consumer credit transaction; (b) declare the security interest in his home void; (c) obtain statutory damages; (d) recoupment under state law of amounts paid; and (e) interest and attorney's fees and costs. Complaint ¶1. In their opposition, Defendants raise three arguments: (1) the claim was filed outside the limitations period imposed by § 1640(e); (2) the transaction by which the Debtor obtained a refinancing on his property is exempt under TILA § 1635(e); and (3) the Complaint fails to provide enough information to satisfy ordinary pleading requirements, citing *Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009).

Regarding the Plaintiff's statutory right to seek damages, Section 1640(e) sets a one year period following the applicable loan transactions. The loan transaction was executed on March 27, 2007. Complaint ¶8, and Defendants' Answer ¶8. The Complaint was filed on March 26, 2010. The one year right to seek statutory damages under TILA expired on March 27, 2008, and therefore the part of the Complaint seeking damages under TILA was filed out of

1

BK No. 10-11236; A.P. No. 10-1020

time.  *E.g., Genest v. Bank of America, et al.*, A.P. No. 09-1044, 2010 WL 480879 (Bankr. D.R.I. 2010). Debtor's assertion that the "circumstances of this case" should equitably toll the statute of limitations, Complaint ¶17, as to damages, is foreclosed by First Circuit precedent.  *Salois v. Dime Savings Bank of New York, FSB*, 128 F.3d 20, 25-26 (1st Cir. 1997).  Accordingly, the motion for judgment on the pleadings as to the entitlement to statutory damages is **GRANTED**.  However, if the Debtor prevails in his rescission claim under § 1635, the right to seek attorney's fees for relief under that section is not limited by the one year limitation period.  *Genest*, at *1.

Defendants' substantive attack on the Complaint is based on their contention that the transaction is exempt from the rescission provisions of TILA.  Under § 1635(e) there is no right to rescind if the transaction constitutes a refinancing or consolidation of the principal balance, with no new advances, by the same creditor, and secured by an interest in the same property.  In addressing this issue, both parties have submitted materials outside of the pleadings.  Normally a motion for judgment on the pleadings deals solely with the pleadings as filed.  When "matters outside the pleadings are presented and not excluded by the court, the [12(c)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Bankr. P. 7012(d).  Neither party has asked the Court to

2

BK No. 10-11236; A.P. No. 10-1020

exclude such matters and the parties have not treated this matter as one for summary judgment under Rule 56. However, "... when a complaint's factual allegations are expressly linked to - and admittedly dependent upon - a document (the authenticity of which is not challenged), then the court can review it upon a motion to dismiss." *Alternative Energy, Inc. v. St. Paul Fire and Marine Insurance Co.*, 267 F.3d 30,34 (1st Cir. 2001) (quotations and internal citations omitted).  Defendants urge the Court to view this motion, together with the accompanying documents, through that prism.  Defendants' Memorandum of Law at 2.  A "Rule 12(c) [motion] does not allow for any resolution of contested facts; rather a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 54 (1st Cir. 2006).  Such a motion "implicates the pleadings as a whole." *Id*.

Whether this refinancing is an exempt transaction is hotly contested.  Defendants argue that "the refinancing paid off debt owed to the *same creditor–Countrywide Home Loans, Inc*." (Emphasis in original.) Defendants' Memorandum of Law at 5.  They have attached the "Interest Only ADJUSTABLE RATE NOTE," Exhibit A, which states that the lender is "Countrywide Home Loans, Inc."  Debtor has supplied the "Notice of Right to Cancel" that identifies

3

BK No. 10-11236; A.P. No. 10-1020

Countrywide Home Loans, Inc., as the lender.  This document also carries the notation "RESCISSION-**DIFFERENT LENDER**-REFINANCE." (Emphasis supplied.)  The documents supplied by the Defendants carry an identification number – "0016530548203007" – which matches, in part, the loan number – "165305482" – on the Right to Cancel notice supplied to the Debtor.  In addition, the Right to Cancel notice states that it was prepared by "Rachele Tringali." That same notation appears on the lender's note, Defendants' Ex. A, and on its mortgage, Defendants' Ex. B.  There appears to be no dispute as to the authenticity of these documents since both parties rely on them; therefore, they may be considered in deciding this motion.  Debtor also furnished a copy of the 2005 mortgage that was paid off in the refinancing. That document is in the name of "Countrywide Bank, N.A." as lender.

But there is nothing before the Court to establish that the lenders were the same in each transaction.  Indeed, although asserting that the lenders were the same, Defendants have produced nothing that clearly identifies the lender in the earlier transaction.  The HUD-1 settlement statement on which Defendants rely shows, at line 104, the  notation:  "Payoff to Countrywide Home Loans-11445360-0."  That loan number matches, *in part*, the identification number – "001144536010005" – on the Countrywide Bank, N.A. 2005 mortgage.  The Court cannot presume that Country

4

BK No. 10-11236; A.P. No. 10-1020

Bank, N.A. and Countrywide Home Loans Inc., are the same entity, particularly where the documents, on their face, suggest otherwise. Whether this refinancing was an exempt transaction clearly involves disputed questions of fact. Therefore, judgment on the pleadings on the ground that this was an exempt transaction would clearly be inappropriate, and is **DENIED**.

Defendants' remaining argument is that the Complaint fails to satisfy the pleading requirements as set out in recent Supreme Court decisions. True, the Complaint is factually thin but not wholly bereft of facts, some of which are fully admitted, Complaint ¶¶12, 13, 24, and some partially, Complaint ¶11. Indeed, Debtor's Memorandum of Law, at 9, alleges additional (but not agreed to) specific facts of how the Defendants' actions violate TILA. Factual arguments of counsel about (unstipulated) facts are not part of the pleadings. However, many of these same facts of which Debtor complains in his Memorandum, are also listed in the HUD-1 submitted by Defendants. When the allegations of the Complaint are read in conjunction with the documents already submitted by the Defendants, the Debtor has provided "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 561 (2007). Plaintiff/Debtor is directed to follow through with his offer, provided at oral argument, to amend the Complaint to bring these matters into sharper focus.

5

BK No. 10-11236; A.P. No. 10-1020

In conclusion, the Defendants' Motion as to the matter of statutory damages brought beyond the one year period is **GRANTED**. As to all remaining matters, the Motion is **DENIED**, and the Plaintiff should file his amended complaint within 10 days.

Entered as an Order of this Court.

Dated at Providence, Rhode Island, this 7th day of July, 2011.

Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 7/7/11