UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

RAFAEL VASQUEZ,

    Plaintiff,

v.

COUNTRYWIDE HOME LOANS, INC.,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION AND JOHN DOE

    Defendants.

Adversary Proceeding No: 1-10-ap-01020

## JOINT PRETRIAL STATEMENT

Plaintiff Rafael Vasquez ("Plaintiff") and Defendants Countrywide Home Loans, Inc. ("Countrywide") and Federal National Mortgage Association ("Fannie Mae") (together, "Defendants") (collectively, the "Parties"), hereby submit this Joint Pretrial Statement.

**1.** **Consent to Entry of Final Order and Judgment by Bankruptcy Court.**

The Parties do not contend that this is a matter in which the Bankruptcy Court can only render proposed findings of fact and conclusions of law, absent the consent of the parties. In any event, the Parties consent to the entry of a final order and judgment by the Bankruptcy Court.

**2.** **Statement of Facts that are Stipulated and Require No Proof.**

1. Plaintiff resides at 9-11 Bellevue Avenue in Providence, Rhode Island ("Property").

2. On March 27, 2007, Plaintiff entered into a loan transaction with Countrywide Home Loans, Inc. (the "Plaintiff's Loan") to refinance a prior first mortgage loan in the amount of $248,000.00.

1

3. In connection with obtaining Plaintiff's Loan, Plaintiff executed a note payable to Countrywide Home Loans, Inc. in the amount of $288,000.00 ("Note") (Defendants' Exhibit 1).

4. In connection with obtaining Plaintiff's Loan and to secure the Note, Plaintiff executed a mortgage on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide Home Loans, Inc. and its successors and assigns ("Mortgage") (Defendants' Exhibit 2).

5. The closing for Plaintiff's Loan took place on March 27, 2007.

6. ServiceLink was the settlement agent for the closing of Plaintiff's Loan.

7. Laura Ann Guillette, a notary public, was the signing agent who witnessed and notarized documents at the closing of Plaintiff's Loan.

8. Plaintiff was charged and paid $210.00 to Servicelink for "Abstract or Title Search to ServiceLink," as set forth on the HUD-1 Settlement Statement on Line 1102 (Defendants' Exhibit 3) (hereinafter, the "Title Search Fee").

9. Plaintiff was charged and paid $422.60 for "Title Insurance to ServiceLink," as set forth on the HUD-1 Settlement Statement on Line 1108 (Defendants' Exhibit 3) (hereinafter, the "Title Insurance Fee").

10. Planitff was charged and paid $25.00 for "ALTA 8.1 Endorsement Fee", as set forth on the HUD-1 Settlement Statement on Line 1112 (Defendants' Exhibit 3). The Defendants stipulate that this fee should not have been charged to Plaintiff and that this $25.00 charge should have been included in the finance charge.

11. The HUD-1 Settlement Statement (Defendants' Exhibit 3) details the amount of the closing costs paid by the Plaintiff.

12.     The HUD-1 Settlement Statement (Defendants' Exhibit 3) was executed by the Plaintiff and is a genuine and authentic copy of the original document.

13.     At the time the Plaintiff filed this action, the Plaintiff's Loan was previous declared in default and the foreclosure process had been commenced.

14.     The Plaintiff sent notice of Rescission to the Defendants within three years of March 27, 2007.

15.     The Defendants received Notice of Rescission from the Plaintiff within three years of March 27, 2007.

**3.      Issues of Fact Remaining to be Litigated.[1]**

1.      Whether the Abstract or Title Search Fee was bona fide and reasonable.

2.      Whether a title search was actually conducted by Servicelink or any other entity or person acting on its behalf.

3.      Whether the Abstract or Title Search Fee should have been included in the finance charge to the extent that it was not the actual charge paid to an unaffiliated third party.

4.      Whether the Title Insurance Fee was bona fide and reasonable.

5.      Whether the Title Insurance Fee should have been included in the finance charge to the extent that it was not paid to an unaffiliated third party.

6.      Whether Plaintiff received an accurate Truth in Lending Disclosure Statement as provided by TILA and Regulation Z.

---

[1] The Parties reserve the right to file an amended Joint Pretrial Statement on issues of fact and law that are currently pending before this Court on Plaintiff's Motion to Vacate and Defendants' Motions in Limine.  The Plaintiff's issues of fact, which are subject to his Motion to Vacate and Subject to the ruling on the Motion in Limine are set forth on Addendum A.  Defendants do not join in the Addendum and disagree with its inclusion with the Joint Pretrial Statement.  This Addendum will not be included with Defendants' binders of exhibits being filed with the Court today.

  7.  Whether the finance charge was understated beyond the limits of Regulation Z and TILA.

  **8.**  Whether the finance charge was understated by at least $35.00. The parties have stipulated that the finance charge was understated by $25.00 as a result of the ALTA 8.1 endorsement charge. Thus the Plaintiff need to prove only that at least an additional $10.00 charge should have been included in the finance charge.

  9.  Whether the Annual Percentage Rate was understated.

  10.  Whether the time for the rescission of Plaintiff's Loan was extended to three years until March 27, 2010.

**4.**  **Issues of Law to be Determined.[2]**

  1.  Whether Plaintiff is entitled to rescind Plaintiff's Loan under 15 U.S.C. § 1635 because the $210.00 Abstract or Title Search Fee was not bona fide and reasonable, was not actually performed,[3] and/or should have been included in the finance charge on the Truth in Lending Disclosure Statement for Plaintiff's Loan.

  2.  Whether Plaintiff is entitled to rescind Plaintiff's Loan under 15 U.S.C. § 1635 because the Title Insurance Fee was not bona fide and reasonable, was not paid to ServiceLink or

---

[2] The Parties reserve the right to file an amended Joint Pretrial Statement on issues of fact and law that are currently pending before this Court on Plaintiff's Motion to Vacate and Defendants' Motions in Limine following the Court's ruling. Plaintiff further states that the issue of tender remains an issue of law to be determined if Plaintiff is successful on his rescission claims. Plaintiff references Addendum A for the additional issues of law which aer subject to the Motion in Limine and Motion to Vacate. Defendants do not join in the Addendum and disagree with its inclusion with the Joint Pretrial Statement. This Addendum will not be included with Defendants' binders of exhibits being filed with the Court today.

[3] Plaintiff asserts that an issue of law is whether the Title Insurance Fee was not paid in that amount to Chicago Title. Defendants disagree that this is an issue of law.

Chicago Title,[4] and/or should have been included in the finance charge on the Truth in Lending Disclosure Statement for Plaintiff's Loan.

    3.    Whether pursuant to Regulation Z and 15 USC 1601 et seq., the time for the Plaintiff to rescind the mortgage was extended to three years.

    4.    Whether the finance charges were understated by more than the applicable tolerance for accuracy pursuant to 15 U.S.C. § 1635.

    5.    Whether the Plaintiff is entitled to attorneys' fees.

    6.    Whether TILA violations exist sufficient to allow the Plaintiff to rescind.

    7.    Whether the tolerance for understatement of the finance charge was set at $35.00 due to the fact that foreclosure had been initiated against the Plaintiff pursuant to 15 U.S.C. § 1635(i)(2).

    8.    Whether tender is required at all in this case given that Defendant did not list this defense in its answer. However, this issue will be resolved at a later stage in the proceedings as agreed to by the Parties and the Court.

**5.**    <u>**Witness Lists.**</u>

Please see the Witness Lists previously filed by the Parties (Dkt. No. 157 – Plaintiff's Revised Witness List; and, Dkt. No. 167-2 – Defendants' Amended Witness List).

**6.**    <u>**Amended Log of Exhibits.**</u>

Please see Plaintiff's Final Exhibit List and Defendants' Final Exhibit List, filed contemporaneously herewith.

**7.**    <u>**Statement of Objections Reserved as to Admissibility of Any Proposed Exhibits.**</u>

    **A.**    **Plaintiff's Statement of Objections**

---

[4] Plaintiff asserts that an issue of law is whether the Abstract of Title Search fee was not paid in that amount to any title search provider. Defendants disagree that this is an issue of law.

The Plaintiff will object to the following exhibits of the Defendant:

1. Exhibit 5, the Chicago Title Policy unless there is authentication from Chicago Title as to the Policy being paid for by Servicelink and that it was actually issued by Chicago Title. Also on the grounds that the Title charges were included in the settlement fee.

2. Exhibit 6 unless this is authenticated and on relevancy grounds.

3. Exhibit 7 unless it is authenticated and it is demonstrated by a witness that these funds were actually transmitted.

4. Exhibit 8 unless it is authenticated and it is demonstrated by the witness that a check was actually issued and the funds were transmitted.

5. Exhibit 9, unless it is authenticated and there is testimony from a witness that **a** wire was actually sent.

6. Exhibit 4, the ALTA commitment, unless it is authenticated by Servicelink and there is testimony that a title search was actually performed, charged for and paid. Also on the grounds that the Title Search was included in the Settlement Fee

7. The Chicago Title Rates and Charges for RI unless it is authenticated and evidence is presented that the Title insurance fee in that amount was paid to Chicago Title and that there was a charge in the Title Insurance Fee for an ALTA 8.1 endorsement. Also on the grounds that the Title Insurance was included in the settlement fee.

8. CWL-0784 – CWL-0794

B. **Defendants' Statement of Objections[5]**

Defendants hereby refer to and incorporate their Motion in Limine (Dkt. No. [197]), filed with the Court on December 31, 2013. First, as set forth in their Motion in Limine (Dkt. No. [197]), Defendants object to the admissibility of Plaintiffs' Exhibits H, L, Q, and R[6] as these exhibits are related to Plaintiff's second mortgage loan. The remaining claims in this litigation are solely related to Plaintiff's First Mortgage Loan as set forth above. Yet Exhibits H, L, Q, and R are unrelated to Plaintiff's First Mortgage Loan and instead are related to Plaintiff's second mortgage loan. Because these exhibits are irrelevant to the issues for trial, they should not be admitted.

8. **Other Relevant Information**

Plaintiff has filed a Rule 60 Motion to Vacate Summary Judgment as to three fees that were previously dismissed - - $25.00 survey fee, $90.00 tax service fee, and $35.00 credit report fee. Defendants' Opposition is due by January 13, 2014 followed by a hearing on Plaintiff's Motion scheduled for January 17, 2014. Defendants state that should the Court grant Plaintiff's Motion in whole or in part, Defendants will request a continuance of the trial date in order to prepare for trial as to any of these previously dismissed fees.

Notwithstanding the Court's prior Order [Dkt. No. 200], Plaintiff suggests that if the settlement fee includes the title search, title insurance and the ALTA 8.1 endorsement based on the documents submitted by the Defendant in discovery, these charges should allow Plaintiff to

---

[5] The Defendants reserve the right to file an amended Statement of Objections and/or object to the admissibility at trial of any other of Plaintiff's Trial Exhibits because Plaintiff did not provide final list of exhibits in a timely manner before the binders were due to be filed with thte Court.

[6] To the extent that Plaintiff's Final Trial Exhibit List changes the alphabetical order of previously disclosed exhibits, the Defendants reserve the right to file an amended Statement of Objections.

seek Summary Judgment or a stipulation that the charges mentioned above were part of the settlement fee.

9. **Status of Discovery.**

All discovery has been completed, except for the issue of tender. The Parties agreed to determine the issue of tender after the trial as to liability under TILA. Plaintiffs designated Stephen Bourque as an expert witness as to the issue of the value of the property, which is relevant to the issue of tender. Defendants submit that they should be afforded the opportunity to depose Mr. Bourque should they not prevail at trial and the issue of tender needs to be determined.

10. **Settlement Judge.**

The Parties do not believe that the matter should be referred to settlement judge prior to trial.

11. **Readiness for Trial.**

The Parties are ready for trial and estimate that the time for the entire trial will be 1-2 days.

Respectfully submitted,

| **RAFAEL VASQUEZ**, | **COUNTRYWIDE HOME LOANS, INC. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION,** |
|---|---|
| By his attorney, | By their attorney, |
| /s/ John B. Ennis | /s/ Jill K. Hauff |
| John B. Ennis, Esq., #2135<br>1200 Reservoir Avenue<br>Cranston, Rhode Island 02920<br>(401) 943-9230 – office<br>(401) 946-5006 – fax<br>jbelaw@aol.com | Jill K. Hauff, Esq. (*pro hac vice*)<br>Natalie F. Langlois, Esq. (*pro hac vice*)<br>RAPHAEL LLC<br>One Liberty Square<br>Boston, Massachusetts 02109<br>Tel.:  617.542.7960 / Fax:  617.307.4486<br>jhauff@raphaelllc.com<br>nlanglois@raphaelllc.com<br><br>Harris K. Weiner, Esq. (#3779)<br>Salter McGowan Sylvia & Leonard<br>321 South Main Street<br>Providence, RI  02903<br>(401) 274-0300<br>hweiner@smsllaw.com |

Dated:  January 10, 2014

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RAFAEL VASQUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION AND JOHN DOE,<br><br>Defendants. | Adversary Proceeding No: 1-10-ap-01020 |

## CERTIFICATE OF SERVICE

    The undersigned understands that the following counsel of record are registered on the Court's CM/ECF database. As a result, this individual (1) will receive from the Court electronic notification of the filing of the *Joint Pretrial Statement* filed via ECF on January 10, 2014; (2) has access to this document through the Court's website; and (3) will not receive paper copies of the foregoing from the undersigned upon filing.

John B. Ennis, Esq.
1200 Reservoir Avenue
Cranston, RI 02920
Tel: 401-943-9230
Fax: 401-946-5006
Email: Jbelaw@aol.com

                                        /s/ *Jill K. Hauff*
                                        Jill K. Hauff